5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Concepcion GIOVE, Plaintiff-Appellee,
v.
CATTLE KING PACKING CO., d/b/a Cattle King, a Colorado
corporation; Gil Grable; Larry Andrews; Henry
Stanko, Defendants,
Rudy STANKO, Defendant-Appellant.
 No. 92-1394.
 United States Court of Appeals, Tenth Circuit.
 Aug. 23, 1993.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court denying appellant Stanko's motion for relief from a default judgment. In that motion, Stanko argued that various statements and actions by plaintiff-appellee and her counsel perpetrated a fraud on the court, thereby justifying reopening the default judgment pursuant to Fed.R.Civ.P. 60(b)(6). The district court denied the motion, finding it untimely and concluding that the motion simply rehashed arguments previously raised and rejected.[2]
 
 
 3
 We review the denial of a Rule 60 motion for an abuse of discretion. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 727 (10th Cir.1993). We agree with the district court that Stanko's present motion raises nothing new in substance to merit Rule 60 relief. We therefore find that the district court did not abuse its discretion and AFFIRM. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 In an Order filed June 22, 1989, this court affirmed the denial of Stanko's previous motion seeking relief under Fed.R.Civ.P. 60(b)(1) and (6)